IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY HERNANDEZ, :

    Plaintiff, : Case No. 3:17-CV-00419

vs. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration :

    Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #13) ARE OVERRULED; COMMISSIONER'S NON-DISABILITY FINDING VACATED AND NO FINDING MADE AS TO WHETHER PLAINTIFF WAS UNDER A DISABILITY; CASE REMANDED TO SOCIAL SECURITY ADMINISTRATION UNDER SENTENCE SIX OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION CONSISTENT WITH THE REPORT AND RECOMMENDATIONS; CAPTIONED CAUSE IS TO BE ADMINISTRATIVELY PROCESSED DURING THE PENDENCY OF THE REMAND; TERMINATION ENTRY

---

On December 31, 2012, Plaintiff, Anthony Hernandez ("Hernandez"), *pro se*, filed an application for Social Security disability benefits. Following a denial on July 28, 2014, of said benefits by the administrative law judge ("ALJ"), Doc. #6, PAGEID##80-90, Hernandez submitted results of two MRI's he had in December 2014, and March 2015, along with some additional materials, to the Appeals

Council. Doc. #6, PAGEID#75. Plaintiff's request for review was denied in July 2015, *Id.*, PAGEID##70-71. Thereafter, Plaintiff filed suit pursuant to 42 U.S.C. § 405(g) in order to review the decision of Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying him disability benefits.

On April 4, 2019, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #12, recommending that (1) the Commissioner's non-disability finding be vacated; (2) that no finding be made as to whether Hernandez was under a disability within the meaning of the Social Security Act; (3) that the case be remanded to the Social Security Administration under sentence six of 42 U.S.C. § 405(g) for further consideration consistent with the Report; and (4) that the case be administratively processed, but not terminated on the docket of this Court. Doc. #12, PAGEID#616.

The Commissioner has filed objections to the Magistrate Judge's filing, Doc. #13, asserting that the "new evidence" consisting of two MRI's taken after the July 28, 2014, did not "warrant a new hearing and new decision." *Id.*, PAGEID#618. Instead, the proper remedy, according to the Commissioner, is for Hernandez to re-apply for benefits for the period after the ALJ's July 28, 2014, decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative

2

Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES the Commissioner's Objections, Doc. #13, to said judicial filing. The Court, in so doing, vacates the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remands the matter, pursuant to sentence six of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with the Report and Recommendations. On remand, the Commissioner must consider the results of the magnetic resonance imaging ("MRI") taken on December 29, 2014, and March 9, 2015, as well as other materials, Exhibits 21E, 12F and 13F, submitted to the Appeals Council but unavailable to the Commissioner's Administrative Law Judge ("ALJ") at the time the ALJ issued his decision on July 28, 2014, that Hernandez was not disabled. Doc. #6, PAGEID##80-94.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. Additionally, pursuant to the sixth sentence of 42 U.S.C. § 405(g), "a [D]istrict [C]ourt, before making a final judgment, may order the [Commissioner] to consider additional evidence because a party presents material evidence to the [C]ourt that was not previously available." *Faucher v. Sec'y of Health & Human*

3

*Servs.*, 17 F.3d 171, 175 (6th Cir. 1994). "[A] remand for additional evidence may be granted only if the failure to include the evidence in the prior administrative record was for good cause." *Id.* at 172. "[T]he burden of showing that a [sentence six] remand is appropriate is on the claimant." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). A sentence six remand, however, "does not rule in anyway on the correctness of the administrative decision, neither affirming, modifying, or reversing the decision of the [Commissioner]." *Faucher*, 17 F.3d at 174 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98, (1991)).

The Commissioner objects to a sentence six remand in this case arguing, initially, that because Hernandez failed to request a remand for a new hearing, he has waived this argument. Doc. # #13, PAGEID#620. As noted by the Magistrate Judge, however, Hernandez "proceeds without the assistance of an attorney" and his status "dictates a liberal construction of his submissions in his favor." *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 n.1 (6th Cir. 2010) ("keeping in mind the liberal standard accorded to pro se pleadings, we will address her contention here."). As a *pro se* Plaintiff, Hernandez made no specific request for a remand. He did, however, challenge the assertion in the July 28, 2014, decision that he worked part-time because he wanted to apply for disability benefits. Doc. #6, PAGEID##113-114. Hernandez not only argued that part-time was all he was capable of doing, he also provided to the Appeals Council medical records from his treating physician that he could not work over 20 hours per week. Doc. #6, PAGEID#75; Doc. #11, PAGEID#590. Additionally, Plaintiff references, in the

4

material sent to the Council, "cervical and lumbar MRI's done in July 2014 [and] March 2015" that contained objective findings concerning his alleged limitations. Doc. #11, PAGEID#585. He attaches, however, the findings of two new MRI's actually taken on March 9, 2015 and December 29, 2015, along with a neurological consult from Hugh Moncrief, M.D. dated July 21, 2015. Docs. ##11-3, 11-4, and 11-5. This new medical information was unavailable to him at the time of the disability hearing. These submissions by Hernandez demonstrate that he has not waived any challenge to the July 28, 2014, decision and that he believes that the new medical evidence should be considered.

The Commissioner next argues in his objections that Plaintiff has failed to satisfy the elements of a sentence six remand. In order for there to be such a remand, Hernandez must establish that the evidence is "new," "material" and that "good cause" exists for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. . . . [T]he burden of showing that a remand is appropriate is on the claimant."

The medical evidence submitted by Plaintiff to the Appeals Council, with the exception of six pages, Doc. #6, PAGEID##508-13, satisfied the "new" requirement in that it was "not in existence or available" to Hernandez at the time of the hearing. *Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). As to the issue of "good cause," the Commissioner argues that these MRI's could have been ordered and provided in time for the disability hearing. Plaintiff, however, established "good cause" since he testified before the ALJ that he lacked the necessary funds and health coverage and had only recently been accepted for Medicaid through Job and Family Services, Doc. #6, PAGEID#124. With respect to whether the medical evidence is "material," the Commissioner contends that the two MRI's are simply "cumulative" of Plaintiff's overall medical condition and would not alter the Commissioner's decision. This argument, however, ignores the relationship between the objective findings of the MRIs and Plaintiff's testimony of his physical findings at his disability hearing.

At the disability hearing, Plaintiff testified that he had pain and numbness along with inability to feel temperature and weakness in his right arm. The December 29, 2014, spinal MRI, which was performed with a contrast media known as gadolinium, identified a "thoracic cord syrinx." The March 2015, lumbar MRI stated that Hernandez had "syringiohydromyelia cervical thoracic" which is a disorder which includes a syrinx that forms within the spinal cord. Because these objective findings could serve to explain Plaintiff's right arm limitations, it is evidence of "an underlying medically determinable physical impairment that

6

could reasonably be expected to produce the claimant's symptoms." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)).

Accordingly, the Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #12, and OVERRULES Defendant's Objections, Doc. #13, to the Report and Recommendations. The Commissioner's non-disability finding is vacated and no finding is made as to whether Plaintiff is under a disability. The case is remanded to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), for further proceedings, consistent with of the Report and Recommendations. Evaluation of the results of the MRIs taken December 29, 2014, and March 9, 2015, as well as other materials, Exhibits 21E, 12F and 13F, submitted to the Appeals Council, are to be considered.

The captioned cause is hereby ordered administratively processed and thus terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton, during the pendency of the remand.

September 26, 2019

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record