IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GAIL S. o/b/o ANTHONY H., : | |
| Plaintiff, : | Case No. 3:17-CV-00419 |
| vs. : | JUDGE WALTER H. RICE |
| KILOLO KIJAKAZI, : | |
| Acting Commissioner of the | |
| Social Security Administration, : | |
| Defendant. : | |

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #26); OVERRULING DEFENDANT'S OBJECTION TO DUAL BASIS REMAND (DOC. #28); COMMISSIONER'S NON-DISABILITY FINDING VACATED AND NO FINDING MADE AS TO WHETHER PLAINTIFF WAS UNDER A DISABILITY; CASE REMANDED TO SOCIAL SECURITY ADMINISTRATION UNDER SENTENCE FOUR AND SENTENCE SIX OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION CONSISTENT WITH THE REPORT AND RECOMMENDATIONS; CAPTIONED CAUSE IS TO BE ADMINISTRATIVELY PROCESSED DURING THE PENDENCY OF THE REMAND; TERMINATION ENTRY

---

Gail S., *pro se* and on behalf of her deceased son, Anthony H., has brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Defendant Commissioner"), denying her son's application for Disability Insurance Benefits and Supplemental Security Income benefits. By way

of background, Anthony H., *pro se*, filed his application for benefits on December 31, 2012. Doc. #6, PageID#80. A hearing was held on July 28, 2014, and an Administrative Law Judge ("ALJ") concluded he was not eligible for Social Security benefits since he was not under a disability. Doc. #6, PageID##77-90. Following an appeal and a denial by the Appeals Council, this lawsuit was filed. On September 26, 2019, the Court vacated the non-disability finding, made no finding as to disability and remanded the case to Defendant Commissioner pursuant to Sentence Six of 42 U.S.C. § 405(g). Doc. #14.

On June 16, 2020, another hearing was held before a different ALJ and on July 7, 2021, a decision was issued concluding that Anthony H. was not under a disability as defined in the Social Security Act. Doc. #18-2, PageID##649-659. The case was reopened and on December 3, 2021, a Suggestion of Death was filed as to Anthony H., Doc. #20, and later a Motion to Intervene was filed by his mother, Gail S. ("Intervenor Plaintiff"). Doc. #22. On January 14, 2022, the Court sustained the Motion to Intervene and on January 27, 2022, a Statement of Errors, Doc. #23, was filed and a response in opposition was filed by Defendant Commissioner. Doc. #25.

On July 13, 2022, United States Magistrate Judge Caroline H. Gentry filed a Report and Recommendations. Doc. #26. She recommended: (1) the Statement of Errors, Doc. #23, be granted; (2) the Court vacate the non-disability determination; (3) no finding be made as to whether Anthony H. was under a "disability" within the meaning of the Social Security Act; (4) the matter be remanded to the Social

2

Security Administration under Sentence Four and Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Report and any Decision and Entry adopting this Report and Recommendations; and (5) that the case be administratively processed, but not terminated, on the Court's docket. Doc. #26, PageID#2694-2695.

On August 1, 2022, Defendant Commissioner filed a "limited objection" to the Magistrate Judge's recommendation of a "dual basis" remand. Doc. #28, PageID#2700. Specifically, she argued a remand should occur under Sentence Four of 42 U.S.C. § 405(g) and not under Sentence Four and Sentence Six. She asserted that a "dual basis" remand is not the "preferred remedy" in the Sixth Circuit pursuant to *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171 (6th Cir. 1994), and urged the Court to adopt "the *Faucher* approach because it is binding authority in this case." Doc. #28, PageID#2701. She further contended a Sentence Four remand is preferable because it would allow the same evidence as a Sentence Six remand and the "unusual nature" of a dual basis remand may be difficult to implement in a *pro se* situation and could result in further delay of Plaintiff's case. *Id*. PageID##2700-2701.

Based on this Court's reading of *Faucher*, as well as the reasoning in the Magistrate Judge's Report and Recommendations, the Court overrules the Defendant Commissioner's limited objection. Doc. #28.

In *Faucher*, the magistrate judge issued a report and recommendation finding the ALJ had presented an inadequate hypothetical question that omitted

3

evidence of the plaintiff's obesity and mental impairment. *Id.*, at 172. Because of this omission, the vocational expert's response could not be used to satisfy the defendant's burden of showing a sufficient number of jobs existed in the national economy that the plaintiff could perform thereby rendering him not disabled. *Id.* at 172. The magistrate judge also determined that under Sentence Four he could not remand the case because it would require taking in new medical evidence and a remand was also not possible under Sentence Six since the plaintiff had not shown that "good cause" existed for admitting "new evidence which is material" as required by § 405(g). *Id.*, at 173. For these reasons, the magistrate judge recommended that the district court award benefits to the plaintiff pursuant to Sentence Four and reasoned that the defendant could terminate benefits under 42 U.S.C. § 423(f) if it later showed the plaintiff was capable of a limited range of employment *Id.* The district court adopted the report and recommendation without opinion.

The issue in *Faucher*, as stated by the Court of Appeals was ". . . what a district court should do once a determination is made that an ALJ erroneously applied the regulations and the Secretary's denial of benefits therefore must be reversed." *Id.* at 173. Although it found that the regulations were misapplied in *Faucher* because the hypothetical question omitted the necessary evidence of the plaintiff's medical and emotional condition, it reversed the award of benefits because the evidence of disability was conflicting. It further held that the case should be remanded under Sentence Four for further consideration of the new

4

evidence concerning the plaintiff's physical and emotional impairment. *Id.* at 176. *Faucher* did not involve a Sentence Six remand.

Unlike *Faucher*, the case before this Court concerns both a Sentence Four and a Sentence Six remand. The Report and Recommendation stated that a reversal was required under Sentence Four because the ALJ violated certain Social Security rules and regulations. These violations occurred when the ALJ failed to address the medical opinions of Dr. Bernard Rose, did not evaluate the limitations identified by Dr. Amita Oza, Doc. #26, PageID##2675-2681, and did not consider possible reasons for Anthony H.'s failure to comply or seek treatment or inquire why Plaintiff was non-compliant or did not seek treatment. *Id.*, PageID##2681-2685. The Magistrate Judge also found violations by the ALJ requiring a reversal under Sentence Four based on Plaintiff's alcoholism. The filing stated the ALJ violated the Social Security rules and regulations by not considering Anthony H.'s "hospitalizations or complications" when he determined his Residual Functional Capacity ("RFC") *Id.*, PageID#2688, and by not applying "the correct legal standard for evaluating" his alcoholism. *Id.*, PageID#2689. The Report and Recommendations also found that a Sentence Six remand was required.[1] The Magistrate Judge stated that the Statement of Errors asserted,

---

[1] Although the plaintiff bears the burden of requesting a Sentence Six remand under § 405(g), *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009), and Gail S. failed to do so, she is *pro se* and her pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89 127 (2007).

5

among other things, "alleged inaccuracies" in Anthony H.'s medical records and included a copy of his death certificate which the "ALJ did not have the "opportunity to review." *Id.*, PageID##2691-2692.[2]

The Court agrees with Defendant Commissioner that *Faucher* is controlling when a Sentence Four remand results in the introduction of new evidence. *Griffith v. Commissioner of Social Security*, 987 F.3d 556 (6th Cir. 2021) (". . . there is Sixth Circuit precedent stating that a sentence four remand does not preclude the introduction of new evidence in front of the ALJ."). Here, however, there is a clear factual and legal basis for both a Sentence Four and a Sentence Six remand. Although the basis for each remand may be confusing to the *pro se* Intervenor Plaintiff, a remand only under Sentence Four, as was done in *Faucher*, "also takes away from claimants. . . some of the benefits of a sentence-six remand." *Jackson v. Charter*, 99 F.3d 1086, 1094, n. 3 (11th Cir. 1996). This is because a Sentence Four remand is a post-judgment remand requiring the Court to relinquish its jurisdiction and a remand under Sentence Six pursuant to 42 U.S.C. § 405(g) is a pre-judgment remand where the Court retains jurisdiction. *Id.* Because it is a pre-judgment remand, the Court may have the opportunity to consider any additional or modified findings of fact and to review the transcript of the proceedings thereby acting as a check on the Commissioner Defendant. *Melkonyan v. Sullivan*,

---

[2] Although Anthony H.'s death certificate stated that Hepatitis C was a "significant condition" contributing to his death, the Statement of Errors asserted that despite this finding, test results confirming her son suffered from this disease cannot be located. Doc. #23, PageID##2577-2580. Since her son's death, Intervenor Plaintiff, a caregiver for her son, has been tested and been diagnosed with Hepatitis C. *Id.*

6

501 U.S. 89, 98 (1991).

Accordingly, the Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #26, and OVERRULES Defendant Commissioner's Objection, Doc. #28, to the Report and Recommendations. The Statement of Errors, Doc. #23, of the Intervenor Plaintiff is SUSTAINED, the Commissioner's non-disability finding is vacated, no finding is made as to whether Anthony H. is under a disability and the case is remanded to the Commissioner, pursuant to Sentence Four and Sentence Six of 42 U.S.C. § 405(g), consistent with the Report and Recommendations and this Decision and Entry adopting said Report and Recommendations.

The captioned cause is hereby ordered administratively processed and thus terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton, during the pendency of the remand.

September 13, 2022

*(signature)*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT